## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 6:20-cv-1678 |
| v. | ) ) | |
| RURAL/METRO CORPORATION OF FLORIDA, d/b/a AMERICAN MEDICAL RESPONSE, | ) ) ) | COMPLAINT AND<br><br>JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and disability and to provide appropriate relief to Wendi Simpson. As alleged with greater particularity below, Defendant Rural/Metro Corporation of Florida, d/b/a American Medical Response ("AMR") discriminated against Simpson, a qualified Emergency Medical Technician with a pregnancy-related disability, when it refused to provide her with a reasonable accommodation such as light duty, even though such accommodations were provided to other employees similar in their ability or inability to work.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3.       Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and Title I of the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII.

4.       At all relevant times, Defendant, a Florida corporation (the "Employer"), has continuously been doing business in the State of Florida and the City of Orlando, and has continuously had at least 15 employees.

5.       At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.       At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7.       At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Wendi Simpson, née Cossart, filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant Employer.

9.      On April 14, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     On June 10, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12.     Defendant provides emergency and non-emergency medical transport to the public out of their facility in Orlando, Florida. Defendant maintains a fleet of ambulances and staffs these vehicles with Emergency Medical Technicians ("EMTs") trained in Basic and Advanced Life Support.

13.     Charging Party Wendi Simpson, née Cossart, began working for Defendant as an EMT in December 2014.

14.     Simpson notified Defendant in July 2016 that she was pregnant.

15.     Simpson began experiencing severe medical complications related to her pregnancy, including vomiting, nausea, motion sickness, dehydration, and weight loss.

16.     On August 25, 2016, Simpson notified Defendant that she had been diagnosed with hyperemesis gravidarum and provided Defendant with a letter from her doctor outlining her restrictions, which included not riding in an ambulance due to her motion sickness, ambulating patients, and a lifting restriction of 25 lbs.

17.     Simpson's severe pregnancy-related complications substantially limited several major life activities, including, *inter alia,* lifting, working (riding in the ambulance and ambulating patients), eating, and drinking.

18.     Simpson requested a reasonable accommodation and suggested being provided with light duty as one type of accommodation.

19.     Defendant has a policy that accommodates employees who are temporarily unable to perform their regular duties by providing them with light duty.  Defendant's policy, however, is limited to employees who experience an occupational injury or illness that is accepted by AMR's worker's compensation insurance carrier.

20.     Defendant refused to provide Simpson with any accommodation.

21.     Instead of providing Simpson with light duty, Defendant required that Simpson take unpaid FMLA leave, telling Simpson, "if you can't get on the truck, you have to fill out your FMLA."

22.     Simpson went on leave in September 2016.

23.     While Simpson was on leave, Defendant offered an accommodation of light duty to another employee that the employee turned down.

24.     On January 25, 2017, while Simpson was on leave, Defendant emailed Simpson and its other employees requesting that employees volunteer to receive cross training of dispatch duties.

25.     Simpson requested to receive the cross training.

26.     Defendant refused to provide Simpson with the cross training assignment because of her pregnancy.

27.     As a result of Defendant's refusal to provide an accommodation and refusal to allow Simpson to receive cross-training, Simpson suffered damages.

## STATEMENT OF TITLE VII CLAIMS

28.     Paragraphs 12 through 27 are fully incorporated herein.

29.     Since at least August 25, 2016, Defendant Employer has engaged in unlawful employment practices on the basis of sex/pregnancy at its Orlando facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to provide Simpson with an accommodation otherwise provided to non-pregnant employees similar in their ability or inability to work, in the form of light duty or modified duty assignments.

30.     Since at least August 25, 2016, Defendant Employer has engaged in unlawful employment practices on the basis of sex/pregnancy at its Orlando facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by failing to provide Simpson with an accommodation otherwise provided to other non-pregnant employees similar in their ability or inability to work, in the form of a light duty assignment to receive cross training.

31.     The effect of the practices complained of above has been to deprive Wendi Simpson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

32.     The unlawful employment practices complained of above were intentional.

33.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wendi Simpson.

## STATEMENT OF ADA CLAIMS

34.     Paragraphs 12 through 27 are fully incorporated herein.

35.     Since at least August 25, 2016, Defendant Employer has engaged in unlawful employment practices at its Orlando facility, in violation of Sections 102(a) and (b)(5) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5) by failing to provide Simpson with a reasonable accommodation.

36.     Wendi Simpson was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Simpson had an impairment, severe pregnancy-related complications including hyperemesis gravidarum, that substantially limits a major life activity/ies.

37.     The effect of the practices complained of above has been to deprive Wendi Simpson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

38.     The unlawful employment practices complained of above were intentional.

39.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Wendi Simpson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of sex by failing to provide pregnant employees with accommodations otherwise provided to other employees similar in their ability or inability to work.

B.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability by failing to provide disabled employees with reasonable accommodations.

C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Wendi Simpson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order Defendant Employer to make whole Wendi Simpson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Wendi Simpson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, mental anguish, and inconvenience in amounts to be determined at trial.

G.      Order Defendant Employer to pay Wendi Simpson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 14, 2020

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney

KRISTEN M. FOSLID
Supervisory Trial Attorney

/s/ Ana Consuelo Martinez
ANA CONSUELO MARTINEZ
Florida Bar No. 110394
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (786) 648-5791
ana.martinez@eeoc.gov
*Counsel for Plaintiff EEOC*